PLANT v. HARRISON et al.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

1. LEAVE TO TAKE DEPOSITION—APPLICATION—SUFFICIENCY.

Code Civ. Proc. § 872, authorizes the taking of the deposition of a party to the action on an application showing that his evidence is material and necessary to the party applying. In a suit to probate a will, where the issue was as to whether the testator's domicile was in New York or Connecticut, plaintiff applied for leave to take the deposition of defendant T. It was shown that T. was the confidential agent of the testator; that the testator left New York on June 16th, in company with T., stating that he was going to Connecticut; that an alleged codicil bore date June 20th; that on that date the testator returned to New York, and died on June 23d; that T. was an executor of the will, and verified defendant's answer denying the testator's residence to have been in New York. *Held*, that the application was within section 872, the testimony being material to plaintiff's case, and that an order granting the application was justifiable.

2. SAME—TRIAL—USE IN PREPARATION—GOOD FAITH—EFFECT.

While an application to take deposition under Code Civ. Proc. § 872, authorizing the granting of permission to take the deposition of a party where the evidence is material, will not be granted to enable one party to anticipate the other's testimony, yet, where the application is made in good faith for the purpose of securing a deposition to be used on the trial, the mere fact that it may also be used in the preparation for trial is not ground for refusing the application.

Appeal from special term, New York county.

Argued before PATTERSON, P. J., and HATCH, McLAUGHLIN, and INGRAHAM, JJ.

Lewis Cass Ledyard, for appellants.
John E. Parsons, for respondent.

INGRAHAM, J.   The substantial issue of fact in this case is as to the residence of Henry Bradley Plant, the testator in the will sought to be probated, at the time of his death.   It is alleged in the complaint that the said Plant was at the time of his death a resident of this state, and that allegation is denied by the answer of the adult defendants.   This last codicil was executed on the 20th of June, 1899, at New Haven, Conn., and it appeared from the affidavit upon which the order was granted that the decedent left New York on the 16th of June, 1899, stating that he would go to Branford, in the state of Connecticut, where he had a summer residence, and would return to New York on Tuesday, June 20th, and that he was accompanied by the defendant Tilley; that he did return to New York on June 20th, and died on Friday, June 23d; that Tilley was a nonresident of the state of New York, and had been for many years the confidential employé and agent of the decedent, was one of the executors of and trustees under the last will and testament of the decedent, and verified the answer of the defendants; and that the plaintiff desires to prove where the decedent went, and what transpired from the time he left New York, on the 16th of June, until his return, on the 20th of June; that such facts are material and necessary to be proved upon the trial; that the application is made in good faith, to preserve the testimony of the said Tilley, and that the plaintiff intends to use such testimony upon the trial of the action.

There is nothing in the affidavits submitted by the defendants upon this motion that would impeach the good faith of the plaintiff in making this application.   The case is thus brought within section 872 of the Code of Civil Procedure.   That the deceased had been for many years prior to his death a resident of the state of New York is conceded, and the question of his residence, and whether in fact there was an effective change of residence within a few days before his death, is the material question of fact to be disposed of in this action.   It is evidently quite essential for the plaintiff to prove what happened during this visit to Connecticut, and the testimony of this defendant, whom it is now proposed to examine, as to the acts or declarations of the defendant during his visit to Connecticut, which would tend to establish the fact of his residence, would prevent the necessity of taking the depositions of other witnesses in the state of Connecticut. While it is quite true that an examination before trial is not allowed for the purpose of enabling a party to prepare for trial, the fact that such deposition is to be used for that purpose would not defeat the application where it appeared that the object of the examination was in good faith to procure evidence to be used upon the trial; and, while the courts have been careful to refuse an examination where, from all the circumstances, it was apparent that the object of the examination was, not to obtain testimony, but to ascertain in advance what testi-

mony the party whose examination is sought would give upon the trial, still where it is evident that the evidence will be material, that there is no reason to doubt the good faith of the party making the application, and that it was intended to use the testimony taken upon the trial, the right given by the Code should not be refused. As to what happened during this visit to Connecticut, the plaintiff, who was in New York, can have no knowledge, and it is essential that she should establish what happened there at the time of the execution of this codicil. No good reason is shown why she should not have an opportunity of proving those facts by the examination of this defendant, and I think that, under the circumstances, the order for his examination was justified.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.

